IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

KEVIN BRADLEY HALL,

    Plaintiff,

v.             CIVIL ACTION NO. 2:18-cv-00302

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

    Defendant.

## MEMORANDUM OPINION AND ORDER

### I. Introduction

This action was referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission to this court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted findings of fact and recommended that the court deny the plaintiff's request for judgment on the pleadings, grant the defendant's request for judgment on the pleadings to affirm the Administrative Law Judge's decision, affirm the final decision of the Commissioner, and dismiss this action from the court's docket. Proposed Findings & Rec. ("PF&R") [ECF No. 15].

On January 7, 2019, the plaintiff timely filed Objections [ECF No. 18] to the Magistrate Judge's PF&R. The defendant filed a Response [ECF No. 19] on January 22, 2019, and the plaintiff Replied [ECF No. 20] on January 29, 2019. The court has

reviewed de novo those portions of the Magistrate Judge's PF&R to which the plaintiff objects and finds that the objections lack merit. For the reasons stated herein, the court **ADOPTS and INCORPORATES** the findings and recommendation of the Magistrate Judge. The court **DENIES** the plaintiff's request for judgment on the pleadings [ECF No. 12], **GRANTS** the defendant's request for judgment on the pleadings to affirm the ALJ's decision [ECF No. 13], **AFFIRMS** the final decision of the Commissioner, and **DISMISSES with prejudice** this action from the court's docket.

## II. Factual Background

The factual background of this case is set forth in detail in the PF&R and need not be repeated here. The court **ADOPTS** the factual background and undisputed facts as set forth in the Magistrate Judge's PF&R.

## III. Legal Standard

A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This court is not, however, required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this court need not conduct a de novo review when a party "makes general and conclusory objections that

do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

The Social Security Act states that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The Supreme Court has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Further, "[substantial evidence] consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

In reviewing the case for substantial evidence, the court does not re-weigh conflicting evidence, make determinations as to credibility, or substitute its own judgment for that of the Commissioner. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Rather, the court must adopt the Commissioner's findings if there is evidence in support of such findings "to justify a refusal to direct a verdict were the case before a jury." *Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972). "Where conflicting evidence allows reasonable minds to differ as to whether a plaintiff is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the [Administrative Law Judge])." *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987). Thus, even if the court would have reached a different decision, it must nonetheless defer to the conclusions of the ALJ if such

conclusions are bolstered by substantial evidence and were reached through a correct application of relevant law. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

## IV. Discussion

The plaintiff makes three objections, which will be discussed in turn.

### 1. The Plaintiff's Reply Brief

?The plaintiff argues that the Magistrate Judge failed to adequately consider the arguments raised in his Reply Brief [ECF No. 14] seeking judgment on the pleadings. That is, he argues that the PF&R "is silent on the existence of the [R]eply [B]rief beyond a few cursory, non-evaluative citations." Pl.'s Obj. 2. I find the plaintiff's first objection to be wholly without merit. The Magistrate Judge fairly considered all of the issues addressed in the reply, including "special accommodations," PF&R 26–30, the plaintiff's ability to work while standing, *id.* at 30–35, the reliability of the Vocational Expert ("VE"), *id.* at 32–33, the plaintiff's reading of *Jones v. Apfel*,[1] *id.* at 27–28, and issues concerning the combined effects of the plaintiff's RFC limitations and his need for a special accommodation, *id.* at 34–35. The plaintiff's first objection is **OVERRULED**.

### 2. "Reasonable Accommodation"

For his second objection, the plaintiff argues that the Magistrate Judge erred by allowing the ALJ to consider a "reasonable accommodation" in determining the plaintiff's disability. He argues that this court and several others have previously

---

[1] 174 F.2d 69 (5th Cir. 1999).

4

adopted the position that ALJs cannot consider reasonable accommodations during disability determinations. He goes on to argue that the Magistrate Judge's finding is contrary to what the Supreme Court established in *Cleveland v. Policy Management Systems Corporation*.[2] But as the defendant points out, the Magistrate Judge correctly concluded that none of the cited cases stand for the proposition that the plaintiff claims.

In *Cleveland*, the Supreme Court was asked to resolve a conflict between the ADA's requirement that an employee be able to work with or without a reasonable accommodation, and the Social Security Act's requirement that a plaintiff be unable to work. 526 U.S. 795 (1999). Specifically, the Court decided whether a plaintiff suing for disability discrimination under the ADA is judicially estopped from claiming that he would be capable of performing his job, with an accommodation, when he has already asserted that he is disabled in an SSI or DIB proceeding. *Id.* at 797. The Court found that the "pursuit, and receipt, of SSDI benefits does not automatically estop the recipient from pursuing and ADA claim." *Id.* The Court reasoned in part that "when the SSA determines whether an individual is disabled for SSDI purposes, it does *not* take the possibility of "reasonable accommodation" into account, nor need an applicant refer to the possibility of reasonable accommodation when she applies for SSDI." *Id.* at 803.

Based on this reasoning, the plaintiff argues that the ALJ could not consider

---

[2] 526 U.S. 795 (1999).

the VE's testimony explaining "accommodations" when determining whether jobs existed in the national economy. The problem with the plaintiff's argument, however, is that it conflates "reasonable accommodations" under the ADA, which is a term of art, with jobs that are capable of accommodating the plaintiff's needs. That is, the VE testified to jobs that the plaintiff could perform while having to adjust positions, use a cane, or carry an O2 tank, but he did not testify that the plaintiff could do specific jobs *only if* the employer allowed him to adjust positions, use a cane, and carry an O2 tank. In other words, a "reasonable accommodation" might be required to do a particular job, but a particular job may allow for certain accommodations by the very nature of the job. *See, e.g.*, *Martiv v. Berryhill*, No. CV 1:16-3741-SVH, 2017 WL 3446573, at *14–15 (D.S.C. Aug. 11, 2017) (finding that the ALJ did not err when he relied on the VE's testimony to find that jobs would generally accommodate claimant's restrictions); *Loop v. Colvin*, No. 3:12cv2302, 2013 WL 4517866, at *3–4 (N.D. Ohio Aug. 21, 2013) ("[T]he VE's response to the ALJ's hypotheticals reflected his professional opinion on common workplace accommodations—not formal accommodations that must be requested under the ADA."); *Titus v. Astrue*, No. 1:11CV01286, 2012 WL 3113160, *10 (N.D. Ohio July 31, 2012) (explaining the difference between the effects that the individual's needs "would have when being considered for job placement as opposed to [the individual's] ability to perform the job").

Here, the VE was asked whether an individual with the plaintiff's limitations,

6

including the limitations that the plaintiff would only be able to walk or stand for up to two hours in an eight-hour workday and require an assistive device to walk and require O2 use could perform light and sedentary work. Tr. 68–70. The VE opined that such an individual would be relegated to sedentary work but would still be able to compete for a significant number of jobs in the national market. *Id.* The plaintiff's attorney and the VE then had the following exchange:

> AT: So [VE] if someone requires use of oxygen and needs to bring a portable oxygen tank to work, you don't consider that an accommodation?
>
> VE: Yeah, that could be an accommodation. Some employers would not perhaps permit that, *but the sedentary work was basically office work that I gave in hypo 2 I think would allow that normally*.
>
> AT: Okay.
>
> VE: But, yeah, it could be considered, I guess, an accommodation.

Tr. 72 (emphasis added).

The VE, while using the attorney's term "accommodation" was not referring to a reasonable accommodation under the ADA in order for the plaintiff to perform work at the sedentary level. The VE simply stated that most office work would normally tolerate the plaintiff's needs, which was well within the VE's expertise. *See Higgins v. Comm'r, Soc. Sec. Admin.*, 898 F.3d 793, 796 (8th Cir. 2018) ("ALJs may properly rely on VE testimony that a certain needed modification is part of the function workplace. It makes no difference that a particular workplace modification . . . might

7

be called an 'accommodation' or even a 'reasonable accommodation.'"). As such, the Magistrate Judge did not err, and the plaintiff's objection is **OVERRULED**.

3. Facts and Inferences

For the plaintiff's final objection, he argues that the Magistrate Judge "misstated and improperly inferred several facts from the record to conclude [that the plaintiff] was capable of performing the representative occupations named by the vocational expert." Obj. 8. The plaintiff faults the Magistrate Judge for claiming that "[w]ith the use of [his] walker device . . . , [the plaintiff] would not be required to use his hand at all times while standing and it would represent an alternative assistive device that would allow him to work while standing." PF&R at 33–34.[3] The plaintiff also faults the Magistrate Judge for asserting that the plaintiff need not always carry his oxygen tank. The plaintiff argues that these are either post hoc rationalizations or unsupported by the record. I disagree.

As the Magistrate Judge explained, while the plaintiff is required to change positions multiple times per day, if the plaintiff is standing "merely in order to change positions, rather than to fulfill his job duties, there is no reason for him to hold or carry his oxygen tank at all." *Id.* at 32. The Magistrate Judge reasoned that not having to lift the oxygen tank and use of an alternative assistive device to stand is consistent with all three jobs identified by the VE, which were categorized as clerical positions, primarily requiring desk work and telephone communications. *Id.* While

---

[3] As described by the plaintiff, the "walker" is like a "little dolly that you put your knee on." TR. at 60.

the plaintiff argues that the Magistrate Judge's analysis is inappropriate because the VE did not discuss whether the plaintiff could put his oxygen tank on the floor or lean on his walker while standing, as defense counsel points out, the Magistrate Judge is not barred from using common sense.

V. Conclusion

For the foregoing reasons, the plaintiff's Objections [ECF No. 18] are **OVERRULED**. The court **ADOPTS** the Magistrate Judge's PF&R [ECF No. 15], **DENIES** the plaintiff's request for judgment on the pleadings [ECF No. 12], **GRANTS** the defendant's request for judgment on the pleadings [ECF No. 13], **AFFIRMS** the final decision of the Commissioner, and **DISMISSES with prejudice** this action and **REMOVES** it from the court's docket.

The court DIRECTS the Clerk to send a copy of this Order to counsel of record, the Magistrate Judge, and any unrepresented party.

ENTER: February 8, 2019

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE